IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

MATTHEW STEEN AND DAVID LOWRY                    PLAINTIFFS

v.                                    CAUSE NO. 1:17-cv–158-LG-RHW

MERCEDES-BENZ USA, LLC                              DEFENDANT

ORDER FOR REMAND-RELATED DISCOVERY

**BEFORE THE COURT** is the Motion to Remand [6] filed by the plaintiffs Matthew Steen and David Lowry. The Motion has been fully briefed. After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court will order limited discovery related to the jurisdictional amount at the time of removal for each of Plaintiffs' claims.

BACKGROUND

On March 21, 2017, Plaintiffs filed this lawsuit in the Circuit Court of the Second Judicial District of Harrison County, Mississippi, alleging that they leased a defective 2017 Mercedes Benz GLS450 ("GLS450"), manufactured by Defendant Mercedes-Benz USA. Mercedes-Benz of South MS ("Seller"), an authorized dealer for Mercedes, arranged for Plaintiffs to lease the vehicle from Daimler Trust C/O ("Lessor"). Plaintiffs will have paid $53,431 at the conclusion of the lease.

Lessor purchased the GLS450 from Mercedes for $86,428.56. Mercedes provided warranties to Lessor including a four year or fifty thousand mile bumper to bumper coverage warranty. On December 29, 2016, Lessor assigned its rights in Mercedes'

1

written warranties to Plaintiffs. Plaintiffs allege that after they took possession of the GLS450 they experienced defects with the engine and electrical system. As a result of these defects, the GLS450 would not start, and the check engine light would illuminate. Plaintiffs allege that Mercedes failed to repair the GLS450 after multiple attempts, thus causing Mercedes' warranties to fail. Plaintiffs further allege that they have been and will continue to be financially damaged due to Mercedes' failure to comply with the warranties.

Plaintiffs assert the following claims against Mercedes: breach of written warranty pursuant to the Federal Magnuson-Moss Warranty Act, breach of implied warranty pursuant to that Act, and a state law claim for violation of the Mississippi Vehicle Warranty Enforcement Act. On May 25, 2017, Mercedes removed the case to this Court, asserting that this Court has federal question jurisdiction and diversity jurisdiction over Plaintiffs' claims. Plaintiffs filed this Motion to Remand. Plaintiffs do not dispute that diversity of citizenship exists, but argue that the amount in controversy is not satisfied for diversity jurisdiction or federal question jurisdiction based on caselaw from other jurisdictions concerning Magnuson-Moss Warranty Act claims.

## DISCUSSION

The party invoking federal jurisdiction bears the burden of establishing the amount in controversy by a preponderance of the evidence. *Hartford Ins. Grp. v. Lou-Con, Inc.*, 293 F.3d 908, 910 (5th Cir. 2002) (citing *St. Paul Reins. Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1252 (5th Cir. 1998)). There are two ways in which the

defendant can satisfy this burden. First, the defendant may show that it is facially apparent from the complaint that the plaintiff's claims are likely to exceed the jurisdictional amount. *Garcia v. Koch Oil Co. of Tex.*, 351 F.3d 636, 639 (5th Cir. 2003). If the amount in controversy is not facially apparent, the defendant "may support federal jurisdiction by setting forth the *facts* – [either] in the removal petition [or] by affidavit – that support a finding of the requisite amount." *Id.* (quoting *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)). In the remand context, "[d]iscovery by the parties should not be allowed except on a tight judicial tether, sharply tailored to the question at hand, and only after a showing of its necessity." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004). The jurisdictional facts supporting removal must be judged at the time of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).

**Magnusson-Moss Claims**

The Magnuson-Moss Warranty Act confers federal question jurisdiction over breach of warranty claims where the amount in controversy exceeds $50,000, exclusive of interest and costs. 15 U.S.C. § 2310(d)(3); *see also Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 887 (5th Cir. 2014). "Generally, courts look to state law to determine the applicable measure of damages, which informs the amount in controversy under the [Act]." *Scarlott*, 771 F.3d at 888. However, attorney's fees cannot be included to establish the amount in controversy for claims asserted under the Act. *Id.* Under Mississippi law, "[t]he measure of damages for breach of warranty is the difference at the time and place of acceptance between the value of the goods accepted and the value

they would have had if they had been as warranted, unless special circumstances show proximate damages of a different amount." Miss. Code Ann. § 75-2-714(2); *see also MacKenzie v. Chrysler Corp.*, 607 F.2d 1162, 1166 (5th Cir. 1979). A buyer can also recover consequential or incidental damages for breach of warranty under Mississippi law. Miss. Code Ann. § 75-2-715(1).

Pursuant to state court discovery rules, Mercedes sent requests for admissions to Plaintiffs asking Plaintiffs to admit that they would never seek damages in excess of $50,000, exclusive of interests and costs, but Plaintiffs denied all such requests. (State Ct. Resp. to Def.'s First Set of Req. for Admis. 2, ECF No. 1-1). Nevertheless, in their Motion to Remand, Plaintiffs claim that they will not be able to recover more than $50,000 under the Magnuson-Moss Warranty Act. Plaintiffs rely on cases from the Third, Sixth, and Seventh Circuits in which a cost of cover formula was adopted to determine the amount in controversy for Magnuson-Moss Warranty Act claims. *See generally Golden v. Gorno Bros., Inc.*, 410 F.3d 879 (6th Cir. 2005); *Samuel-Bassett v. Kia Motors Am., Inc.*, 357 F.3d 352 (3d Cir. 2003); *Gardynski-Leschunk v. Ford Motor Co.*, 142 F.3d 955 (7th Cir. 1998).

However, in those cases, the courts had information such as the cost of a replacement vehicle and the present value of the vehicle available to assist them in making the necessary calculations of damages under the Magnuson-Moss Warranty Act. *See, e.g., Golden*, 410 F.3d at 885. In the present case, Plaintiffs are asking the Court to calculate their damages even though the only information provided to the Court is the purchase price of the vehicle and vague citations to the *Kelley Blue Book*.

4

Moreover, these calculations should have been performed by Plaintiffs prior to filing their Complaint to prevent confusion as to the amount in controversy in this lawsuit. Therefore, it is unclear at this time as to what the amount in controversy is for the Magnusson-Moss claims.

**State Law Claim**

28 U.S.C. § 1332 confers federal diversity jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the civil action is between citizens of different states. The Magnusson-Moss Warranty Act provides that Magnusson-Moss claims can be brought "in any court of competent jurisdiction in any State or District of Columbia" without regard to the amount in controversy. *Barnes v. West, Inc.,* 249 F. Supp. 2d 737, 739 (E.D. Va. 2003) (citing 15 U.S.C. § 2310(d)(1)(A)). Thus, if diversity jurisdiction can be established over the state law claim, the Court can exercise supplemental jurisdiction over the Magnusson-Moss claims even if the amount in controversy in those claims is below $50,000. *Id*; *see also Day v. Kia Motors America, Inc.,* No. 2:16-cv-01208-JHE, 2017 WL 264459, at *4 (N.D. Ala. Jan. 20, 2017).

In their Complaint, Plaintiffs seek a refund of the purchase price of the $86,428.56 GLS450 or a replacement GLS450 in addition to unspecified incidental and consequential damages. However, in their Motion to Remand, Plaintiffs again claim that they will not be able to recover the requisite jurisdictional amount, this time $75,000. Further adding to the confusion, Plaintiffs denied Mercedes' request for admission that they would never seek damages in excess of $75,000, exclusive of

interests and costs. (State Ct. Resp. to Def.'s First Set of Req. for Admis. 2-3, ECF No. 1-1).

Courts within this district have held that a plaintiff's refusal to admit or stipulate that they will not accept more than the requisite amount in controversy in damages is sufficient proof that the jurisdictional amount exceeds that amount. *Hanes v. Family Dollar Stores of Miss.*, No. 4:16CV253-SA-JMV, 2017 WL 1418281, at *2 (N.D. Miss. Apr. 20, 2017); *see also Blount v. Hardcastle*, No. 2:04CV203-P-A, 2006 WL 278567, at *2 (N.D. Miss. Jan. 5, 2006); *Fields v. Household Bank,* 280 F. Supp. 2d 530, 532 (N.D. Miss. 2003); *Draper v. U.S. Fid. & Guar. Co.,* 2000 WL 268565, at *3 (S.D. Miss. Mar. 8, 2000); *McLain v. Am. Int'l Recovery, Inc.,* 1 F. Supp. 2d 628, 631 (S.D. Miss. 1998). Nevertheless, because Mercedes failed to specify claims in the request for admissions but aggregated all of the claims,[1] Plaintiffs' denial is too vague for the Court to rely on in determining the amount in controversy for the state law claim.

**Discovery**

Given the circumstances of this case, the Court is of the opinion that limited discovery is necessary to decide if remand is warranted.[1] The Court, heeding the Fifth

---

[1] "**REQUEST NO. 9:** Admit that you will never seek damages [nor] will you execute[] on any judgment rendered in your favor in this proceeding against [Mercedes] or any related or affiliated entity in excess of $75,000, exclusive of interests and costs.
  **ANSWER:** Plaintiffs deny."

(State Ct. Resp. to Def.'s First Set of Req. for Admis. 2, ECF No. 1-1).

[1] Plaintiffs filed an untimely Reply to Defendant's Response to Plaintiffs' Motion to Remand [10], which included an Amended Response to Defendant's First Set of Request for Admission [10-1]. In their Amended Response Plaintiffs admit that they will never seek damages in excess of $50,000 or $75,000. (Pls.' Am. Resp. to Def.'s First

Circuit's admonition that such discovery be kept on "a tight judicial tether, sharply tailored to the question at hand," *Smallwood*, 385 F.3d at 574, will limit the scope of discovery to information needed to determine the jurisdictional amount(s) with respect to the Magnusson-Moss claims and the state law claim as of the time of removal. The limited discovery must be completed by September 19, 2017.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the parties are granted until September 19, 2017, to conduct remand-related discovery limited to information needed to determine the jurisdictional amount at the time of removal for each of Plaintiffs' claims.

**IT IS FURTHER ORDERED AND ADJUDGED** that Plaintiffs must file an Amended Motion to Remand and a Memorandum Brief by October 6, 2017, and sooner if possible. The time for Mercedes to file a response to the Motion to Remand will begin to run on the date that Plaintiffs file their Amended Motion.

**SO ORDERED AND ADJUDGED** this the 28th day of July, 2017.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE

---

Set of Rep. for Admis. 2-3, ECF No. 10-1). Even if the Court considers the untimely filing, Plaintiffs' post-removal admissions lend further support to the Court's conclusion that limited discovery is necessary.