# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | |
|---|---|
| **MATTHEW STEEN and DAVID LOWRY** | **PLAINTIFFS** |
| v. | **CAUSE NO. 1:17CV158-LG-RHW** |
| **MERCEDES-BENZ USA, LLC** | **DEFENDANT** |

## MEMORANDUM OPINION AND ORDER
## DENYING MOTIONS TO REMAND

BEFORE THE COURT is the [16] Plaintiffs' Amended Motion to Remand. Defendant Mercedes-Benz USA, LLC, filed a response, but the plaintiffs did not reply. After due consideration of the submissions, the record in this case, and the relevant law, it is the Court's opinion that it has jurisdiction of this case. Accordingly, the Amended Motion to Remand will be denied. The original [6] Motion to Remand is moot.

### BACKGROUND

Plaintiffs filed this lawsuit in the Circuit Court of the Second Judicial District of Harrison County, Mississippi, alleging that they leased a defective 2017 Mercedes Benz GLS450, manufactured by Defendant Mercedes-Benz USA. Plaintiffs allege that after they took possession of the GLS450 they experienced defects with the engine and electrical system. As a result of these defects, the GLS450 would not start, and the check engine light would illuminate. Plaintiffs allege that Mercedes failed to repair the GLS450 after multiple attempts, thus causing Mercedes' warranties to fail. Plaintiffs further allege that they have been and will continue to be financially damaged due to Mercedes' failure to comply with

the warranties.

Plaintiffs assert the following claims against Mercedes: breach of written warranty pursuant to the Federal Magnuson- Moss Warranty Act, breach of implied warranty pursuant to that Act, and a state law claim for violation of the Mississippi Vehicle Warranty Enforcement Act. Mercedes removed the case to this Court, asserting that this Court has federal question jurisdiction and diversity jurisdiction over Plaintiffs' claims. Plaintiffs filed a motion to remand arguing that the amount in controversy requirement is not satisfied for diversity jurisdiction or federal question jurisdiction. The Court reviewed the briefs and determined that there was insufficient information to make a decision regarding the amount in controversy. (*See* Order For Remand-Related Discovery 5, 6, ECF No. 11). The parties were instructed to conduct limited discovery to answer the amount in controversy question. (*Id.* at 6, 7). After completing the limited discovery, the plaintiffs filed this Amended Motion to Remand.

DISCUSSION

Plaintiffs argue in their Amended Motion to Remand that their interrogatory responses establish that the value of their Magnusson-Moss claims are below the $50,000 jurisdictional threshold for those claims. In its response, Mercedes does not contest the plaintiffs' valuation of the Magnusson-Moss claims, and the Court agrees that diversity jurisdiction cannot be premised on the Magnusson-Moss claims because the amount in controversy requirement is not met. *See* 15 U.S.C. § 2310(d)(3)(B).

Mercedes argues, however, that the plaintiffs' state law claim exceeds the $75,000 diversity jurisdiction threshold in 28 U.S.C. § 1332, particularly when attorneys' fees are included. Accordingly, Mercedes contends that its removal of this case was proper, as the Court has jurisdiction of the state law claim and may exercise supplemental jurisdiction over the Magnusson-Moss claims.

Plaintiffs' state law claim is under the Mississippi Motor Vehicle Warranty Act, Miss. Code Ann. § 63-17-151, *et seq*. The purpose of the Act is "to provide the statutory procedures whereby a consumer may receive a replacement motor vehicle, or a full refund, for a motor vehicle which cannot be brought into conformity with the express warranty issued by the manufacturer." Miss. Code Ann. § 63-17-153. Specifically,

> the manufacturer shall give the consumer the option of having the manufacturer either replace the motor vehicle with a comparable motor vehicle acceptable to the consumer, or take title of the vehicle from the consumer and refund to the consumer the full purchase price, including all reasonably incurred collateral charges, less a reasonable allowance for the consumer's use of the vehicle.

Miss. Code. Ann. § 63-17-159(1). Additionally, the Act allows for recovery of costs and attorneys' fees.

> If a consumer finally prevails in any action brought under Sections 63-17-151 et seq., the court may allow him to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees based on actual time expended, determined by the court to have been reasonably incurred by the plaintiff for or in connection with the commencement and prosecution of such action.

Miss. Code. Ann. § 63-17-159(7).

Although the plaintiffs' pleadings are not very clear, it appears that they seek

1) refund of the amount they have paid for the vehicle ($53,431); or 2) a replacement vehicle with a value of $57,000. (Compl. 8, ECF No. 16-1; Am. Mot. Remand 9, ECF No. 16). In addition, they seek "all incidental and consequential damages incurred" and "all reasonable attorneys' fees, witness fees, court costs and other fees incurred." (Compl. 8, ECF No. 16-1). Plaintiffs set out a total amount of $15,000 in various categories of incidental and consequential damages. (Def. Resp. Ex. A 1-2, ECF No. 17-1). Mercedes must therefore show that it is likely that there will be more than $6569 in attorneys fees incurred to meet the jurisdictional minimum.[1] In order to meet its burden, Mercedes points to 1) the plaintiffs' answer to an interrogatory stating that they would seek "[a]ll statutory damages pursuant to the Mississippi Motor Vehicle Warranty Act claim ('Lemon Law[ ]')," and 2) the plaintiffs' refusal to agree that they will not accept more than $75,000 in damages, including attorney's fees. (Def. Resp. Ex. A 2, ECF No. 17-1; Ex. B, ECF No. 17-2). As the Court stated in its earlier order, a plaintiff's refusal to admit or stipulate that they will not accept more than the requisite amount in controversy in damages is sufficient proof that the jurisdictional minimum is met. (*See* Order For Remand-Related Discovery 6, and citations therein, ECF No. 11). For this reason, the Court

---

[1] It is appropriate to consider attorneys' fees to arrive at the amount in controversy when, as in the case of the Mississippi Motor Vehicle Warranty Act, attorneys' fees are allowed by statute. *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) ("If a state statute provides for attorney's fees, such fees are included as part of the amount in controversy.").

finds that it has jurisdiction of this case, and the plaintiffs' Amended Motion to Remand should be denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [16] Plaintiffs' Amended Motion to Remand is **DENIED**. Plaintiffs' [6] Motion to Remand is **MOOT**.

**SO ORDERED AND ADJUDGED** this the 9th day of November 2017.

s\ *Louis Guirola, Jr.*
Louis Guirola, Jr.
U.S. District Judge